COURT OF APPEALS
DECISION
DATED AND FILED

July 23, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP76**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV2269

IN COURT OF APPEALS
DISTRICT IV

MICHAEL S. CAMERON,

 PLAINTIFF-APPELLANT,

 V.

LABOR AND INDUSTRY REVIEW COMMISSION AND DEPARTMENT OF WORKFORCE DEVELOPMENT,

 DEFENDANTS-RESPONDENTS.

 APPEAL from an order of the circuit court for Dane County: JACOB B. FROST, Judge. *Affirmed.*

 Before Kloppenburg, Nashold, and Taylor, JJ.

 **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Michael Cameron appeals a circuit court order affirming orders of the Labor and Industry Review Commission (the Commission). The Commission determined that Cameron committed fraud by concealment when he knowingly failed to disclose any income from self-employment on 15 of his weekly claim certifications in 2020 and 2021, with the intent of maximizing his Pandemic Unemployment Assistance (PUA) benefits, and resulting in the receipt of PUA benefits to which Cameron was not entitled.[1] The Commission determined that Cameron was liable for repayment and fraud-related penalties. Cameron argues that the Commission's finding that he knowingly failed to disclose his income from self-employment is not supported by credible and substantial evidence. We conclude that credible and substantial evidence supports the Commission's finding that Cameron knowingly failed to disclose his gross income from self-employment for 15 weeks in which he received PUA benefits in 2020 and 2021 in order to maximize his weekly PUA benefit. Accordingly, we affirm.

---

[1] For unemployment insurance benefit purposes, to "conceal" is a form of fraud by which an individual "intentionally mislead[s] the department [of workforce development] by withholding or hiding information or making a false statement or misrepresentation." *See* WIS. STAT. § 108.04(11)(g)1. (2023-24).

All references to the Wisconsin Statutes are to the 2023-24 version.

## BACKGROUND[2]

¶2      The following material facts are undisputed.   Cameron operated a business selling high-end musical instruments and equipment through an LLC established in 2017 (the business).   He used multiple online platforms to advertise and sell those items and deposited the sale proceeds into a checking account that he used for both business and personal purposes.

¶3      Cameron applied for and received PUA benefits during 2020 and 2021.   In September 2022, the Department of Workforce Development (the Department) issued determinations that in 15 weeks in 2020 and 2021 Cameron had knowingly failed to disclose income from self-employment in order to maximize his weekly PUA benefits.   The Department determined that the nondisclosures resulted in benefit overpayments, disqualifications, and penalties.

¶4      After a hearing, an administrative law judge largely affirmed the Department's determinations.  Cameron petitioned the Commission for review.

¶5      The Commission affirmed the findings for certain weeks that Cameron concealed information from the Department by knowingly failing to disclose his gross income.  It reversed the findings for other weeks because it did

---

[2] Both parties do not consistently provide proper record cites throughout their appellate briefing, but rather adopt their own citation formats that do not comply with WIS. STAT. RULE 809.19(1)(d)-(e).  Cites to an appendix must be accompanied by corresponding record cites. We remind counsel that the appendix is not the record, *United Rentals, Inc. v. City of Madison*, 2007 WI App 131, ¶1 n.2, 302 Wis. 2d 245, 733 N.W.2d 322, and that the state rules of appellate procedure require parties to include appropriate citations to the record, *see* RULE 809.19(1)(d)-(e). Failure to comply with appellate citation practices in the future may result in the imposition of sanctions.

not consider transfers between bank accounts, refunds, or sales of nonmusical items to be income from the business.

¶6    Specifically, the Commission affirmed the determinations that Cameron committed fraud by knowingly failing to report gross income in weeks 13, 23, 33, 42, 49, and 51 of 2020, and weeks 4, 7, 9, 16, 18, 20, 21, 29, and 33 of 2021.    The Commission found that for these weeks, Cameron sold musical instruments or equipment, regardless of whether Cameron characterized the sale as a "business" sale or a "personal" sale, and deposited money received from each sale into his checking account.[3]    Yet, for each of those 15 weeks, Cameron answered "no" to the question on a weekly certification form as to whether he received any income from his self-employment and reported no gross income in those weeks.[4]    The Commission also found that Cameron knew that his weekly PUA benefit would be reduced based on his reported weekly earnings or income. Accordingly, the Commission determined that Cameron received PUA benefits to which he was not entitled when he knowingly failed to disclose income from self-employment for each of the 15 weeks in question.    As a result, the Commission determined that Cameron committed fraud and imposed a benefit disqualification

---

[3] Cameron characterized some of his sales to be of a "personal" nature because he sold equipment and instruments that he personally owned.

[4] Applicable federal regulations provide that the term "any income," for the purposes of PUA benefits, means "gross income," which is determined by state law for self-employed individuals. *Morgan v. LIRC*, 2024 WI App 39, ¶12, 413 Wis. 2d 42, 10 N.W.3d 414 (citing 20 C.F.R. § 625.6(f)(2) and 15 U.S.C. § 9021(h)).  Pursuant to *Morgan*, this court held that WIS. STAT. § 71.03(1) provides that gross income from a business consists of its "total gross receipts without reduction for cost of goods sold, expenses or other amounts."  *Id.*, ¶15.  Generally, Cameron does not appear to challenge the Commission's application of this definition to the facts here.

in other weeks in which he received PUA benefits, required the repayment of the overpaid benefits, and assessed a penalty, all as required by federal law.[5]

¶7      The Commission discredited Cameron's testimony that he did not act with fraudulent intent within the meaning of the PUA program because he interpreted the term "gross income" to be the amount remaining after deducting platform and shipping fees and the cost of the item sold.  Cameron argues that the disputed sales were either unprofitable business sales or sales of personal property unrelated to the business.  The Commission did not credit this testimony because it found that Cameron used the same online platforms to sell personal and business inventory, sold the same types of items in both categories, and received and deposited the sale proceeds into the same checking account.  The Commission further found improbable Cameron's assertions that, during the weeks in question when he received PUA benefits, he lost income from his sales, even under Cameron's understanding of gross income.  It concluded that Cameron's repeated

---

[5] The federal regulations concerning Disaster Unemployment Assistance (DUA) generally apply to PUA claims.  *See* 15 U.S.C. 9021(h).  The applicable DUA regulation, 20 C.F.R. § 625.14(i), defines fraud for the purposes of the PUA program as:

> Any individual who, with respect to a major disaster, makes … a false statement or misrepresentation of a material fact, knowing it to be false, … in order to obtain for the individual … a payment of DUA to which the individual … is not entitled ….

Applicable federal regulations provide that a person whose conduct meets the definition of fraud must be denied benefits for the time period in question, and other disqualification periods.  *See* 20 C.F.R. § 625.14(i).  Pursuant to these regulations, the Commission determined that Cameron's knowing failure to disclose his income from self-employment in the identified 15 weeks disqualified him from the receipt of benefits for an additional 30 weeks, totaling 45 weeks of PUA ineligibility.  Federal regulations also require each state to impose penalties for fraud consistent with state law.  *See* 20 C.F.R. § 625.14(h); *see also* WIS. STAT. § 108.04(11)(bh) ("The department [of workforce development] shall assess a penalty against the claimant in an amount equal to 40 percent of the benefit payments erroneously paid to the claimant as a result of one or more acts of concealment ….").

reporting of no income reflected a deliberate choice to maximize his weekly PUA benefit.

¶8 Cameron sought circuit court review. After briefing addressing this court's decision in *Morgan v. LIRC*, 2024 WI App 39, 413 Wis. 2d 42, 10 N.W.3d 414, the circuit court affirmed the Commission's orders.

## STANDARD OF REVIEW AND
## APPLICABLE LEGAL PRINCIPLES

¶9 We review the Commission's orders, not the circuit court's order. *Mervosh v. LIRC*, 2010 WI App 36, ¶7, 324 Wis. 2d 134, 781 N.W.2d 236. Judicial review of the Commission's unemployment insurance orders is governed by WIS. STAT. § 108.09(7). We may set aside an order of the Commission only on limited grounds specified in the statute, including when the Commission acted without or in excess of its powers, when the order was procured by fraud, or when its findings of fact do not support its order. *See* § 108.09(7)(c)6. We may not substitute our judgment for the Commission's regarding the weight or credibility of the evidence. *See* § 108.09(7)(f).

¶10 The Commission's factual findings are conclusive if supported by credible and substantial evidence. *See* WIS. STAT. § 108.09(7)(c)1., (f). Substantial evidence is "relevant, credible, and probative evidence [on] which reasonable persons could rely to reach a conclusion." *Princess House, Inc. v. DILHR*, 111 Wis. 2d 46, 54-55, 330 N.W.2d 169 (1983); *see also Advance Die Casting Co. v. LIRC*, 154 Wis. 2d 239, 249-50, 453 N.W.2d 487 (Ct. App. 1989). When the evidence permits more than one reasonable inference, the Commission's choice among those inferences is factfinding that is conclusive on review. *Bernhardt v. LIRC*, 207 Wis. 2d 292, 301-02, 558 N.W.2d 874 (Ct. App. 1996).

Whether the facts fulfill a legal standard is a matter of law we review independently. ***Tetra Tech EC., Inc. v. DOR***, 2018 WI 75, ¶84, 382 Wis. 2d 496, 914 N.W.2d 21 (citation omitted).

¶11 The federal regulation applicable to PUA benefits provides:

> Disqualification for fraud. Any individual who … makes … a false statement or misrepresentation of a material fact, knowing it to be false, or knowingly fails … to disclose a material fact, in order to obtain … a payment … to which the individual … is not entitled, shall be disqualified ….

20 C.F.R. § 625.14(i). The principal dispute here is whether the evidence supports the Commission's findings that Cameron acted knowingly when he failed to disclose income from self-employment during the pertinent time periods, in order to obtain PUA benefits to which he was not entitled. Intent is a question of fact for the Commission. ***Bernhardt***, 207 Wis. 2d at 303. Because direct evidence of a person's state of mind is often unavailable, intent may be proved through circumstantial evidence and the reasonable inferences drawn from it. *See **Beuttler v. Marquardt Mgmt. Servs., Inc.***, 2022 WI App 33, ¶¶28-29, 404 Wis. 2d 116, 978 N.W.2d 237. Moreover, it is the function of the Commission to determine the credibility of the witnesses and the weight of the evidence, and we "shall not substitute [our] judgment for that of the commission as to the weight or credibility of the evidence on any finding of fact." *See* WIS. STAT. § 108.09(7)(f); *see also **Advance Die Casting Co.***, 154 Wis. 2d at 249.

## DISCUSSION

¶12 Cameron contends that the Commission inferred fraudulent intent from nothing more than his failure to use the correct definition of gross income. We disagree. The Commission relied on the circumstances surrounding

Cameron's repeated weekly certifications that he had no income from self-employment, not merely on the fact that the certifications were inaccurate.

¶13    The evidence shows a sustained course of sales activity during the claim periods at issue here.  Cameron received proceeds from sales of musical instruments or equipment in each of the 15 weeks for which the Commission found fraud.  Some weeks involved sales Cameron acknowledged were business sales; others involved sales of musical instruments or equipment that he considered personal sales.  Yet Cameron reported no income from self-employment in any of those weeks.  Cameron also knew that reporting his gross income could reduce his weekly PUA benefit.  From the repeated reporting of no gross income, despite receiving income from sales, the Commission could reasonably infer a pattern of knowing nondisclosure rather than an isolated claim-filing error.

¶14    Cameron emphasizes his testimony that he understood gross income to mean the amount remaining after subtracting the item's cost and the fees associated with its sale.  The Commission acknowledged that testimony but was not required to accept or credit Cameron's explanation as negating intent.  As stated, this was not a case in which Cameron reported income but miscalculated the amount.  He reported no income at all, including in weeks involving acknowledged business sales.  Moreover, the Commission found that Cameron's assertions that every sale he completed resulted in a loss of income was improbable.  Assessing that explanation and choosing among competing inferences were matters for the Commission.  *See Bernhardt*, 207 Wis. 2d at 299.

¶15    We likewise reject Cameron's argument that the Commission was required to separate his personal sales from his business sales.  The Commission

did not adopt a rule that every online sale of personal property constitutes self-employment income. Rather, it made a fact-specific determination concerning Cameron's asserted personal sales of the same type of musical instruments and equipment that his business sold. Cameron used the same online platforms for both categories and deposited both types of proceeds into the same checking account. Those facts permitted the Commission to reject Cameron's asserted distinction. That Cameron was not legally required to maintain separate checking accounts does not render the Commission's inference unreasonable. The commingling was one circumstance among several considered by the Commission, and it was not the sole ground for the Commission's findings and orders.

¶16 Cameron further argues that he could not knowingly have failed to report total receipts because no binding appellate decision had adopted that definition of gross income when he filed his certifications. In *Morgan*, decided after Cameron filed his certifications, we held that gross income for self-employed PUA claimants means "total gross receipts without reduction for cost of goods sold, expenses or any other amounts." *Morgan*, 413 Wis. 2d 42, ¶¶12-16 (citing Wisconsin's tax code, WIS. STAT. § 71.03(1)). While *Morgan* establishes that Cameron's receipts were reportable and material, it does not establish that he knowingly failed to report them.

¶17 The Commission separately found knowing nondisclosure—failure to report—based on Cameron's conduct and the surrounding circumstances. Those circumstances included, for the weeks at issue, repeated sales of the same type of goods in the business and personal categories; his reporting of no income even for acknowledged business sales; his use of the same platforms and account for both categories of sale; his awareness that reported income would reduce his

weekly benefit; and the Commission's rejection of his explanations. Our inquiry on review is not whether another factfinder could draw Cameron's preferred inferences, but whether the inferences that the Commission drew are reasonable and supported by credible and substantial evidence, and we conclude that they are. *See Bernhardt*, 207 Wis. 2d at 301-03.

¶18 Separately, Cameron specifically challenges the finding for week 23 of 2020 because no witness testified about that transaction and the evidence did not identify the item sold. However, the record evidence includes a Reverb order-history entry reflecting Cameron's receipt of $179.92 from a sale on June 4, 2020. Cameron testified that Reverb was a platform he used to buy and sell products through the business and explained the buyer and payment information shown in the order history. Although the evidence did not establish that the item was musical equipment or an instrument, it permitted a reasonable inference that Cameron made a sale of musical equipment or an instrument in week 23. We do not reweigh that evidence.

¶19 In sum, the Commission applied the knowing-nondisclosure requirement in 20 C.F.R. § 625.14(i), and credible and substantial evidence supports its findings that Cameron knowingly failed to report self-employment income to maximize his PUA benefits for the 15 weeks at issue.[6] Accordingly, we affirm the circuit court's order.

---

[6] Because our decision affirming the circuit court on the issue of income nondisclosure is dispositive, we do not address Cameron's second argument that the Commission improperly raises on appeal a "new" issue concerning Cameron's alleged failure to report that he performed work in self-employment. *See Barrows v. Am. Family Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.